IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00906-BNB

ANDRE J. TWITTY, also known as
ANDRE TWITTY, also known as
A. J. TWITTY,

    Applicant,

v.

RONNIE WILEY,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Andre J. Twitty, also known as Andre Twitty and as A. J. Twitty, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On April 21, 2009, Mr. Twitty submitted to and filed with the Court *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) and a prisoner's motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

Also on April 21, 2009, Mr. Twitty filed a motion titled "Motion for Writ of Habeas Corpus. Judgment Void, the Recusal of Judges Weinshienk, Boland, Take Judicial Notice of the Law, Records, Exhibit 5 Which Support Prove Petitioner's Actual Innocence Brief in Support." On May 8, 2009, Magistrate Judge Boyd N. Boland entered an order granting Mr. Twitty leave to proceed pursuant to 28 U.S.C. § 1915,

denying the motion to recuse as it related to him, and ordering Mr. Twitty to show cause within thirty days why the habeas corpus application should not be denied because he had an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia (Northern District of Georgia). On June 3, 2009, Mr. Twitty filed his response to the show-cause order in the form of a motion titled "Motion to Amend, Correct or Set Aside the Order Entered on 12 May 2009, Due to An Abuse of Discretion, Fraud Upon the Court, Refiling Motion for Judges Weinshienk and Boland to Recuse Themselves, Replying to Show Cause Order Brief in Support."

The Court must construe liberally Mr. Twitty's filings because he is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the April 21, 2009, and June 3, 2009, motions; deny the application; and dismiss the action.

In the June 3, 2009, motion, Mr. Twitty apparently objects to Magistrate Judge Boland's May 8, 2009, order granting Applicant leave to proceed pursuant to 28 U.S.C. § 1915, denying the motion to recuse as it related to Magistrate Judge Boland, and ordering Mr. Twitty to show cause why the habeas corpus application should not be denied because he had an adequate and effective remedy pursuant to 28 U.S.C.

§ 2255 in the Northern District of Georgia. Therefore, the Court will construe the June 3 motion liberally, in part, as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court concludes that Magistrate Judge Boland's May 8, 2009, order is neither clearly erroneous nor contrary to law. Therefore, Mr. Twitty's liberally construed objection will be overruled.

In the June 3, 2009, motion, Mr. Twitty again seeks the Court's recusal for reasons the Court is unable to discern. In the April 21, 2009, motion for recusal, Mr. Twitty apparently believes the Court is biased against him because he attaches to the recusal motion a dismissal order filed on March 3, 2008, in *Twitty v. Wiley*, No. 07-cv-02441 (D. Colo. Mar. 3, 2008), *appeal dismissed*, No. 08-1118 (10th Cir. June 11, 2008), in which the Court dismissed a previous 28 U.S.C. § 2241 action because he had an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the Northern District of Georgia.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse him or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108

F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the party seeking recusal. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Twitty's apparent allegation that the Court is biased against him because the Court dismissed a prior habeas corpus case is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, to the extent Mr. Twitty seeks the Court's recusal, the motion to recuse will be denied.

A review of this Court's docketing records reveals that this is the sixth 28 U.S.C. § 2241 habeas corpus application that Mr. Twitty has filed in this Court challenging his conviction in the Northern District of Georgia. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Therefore, some of the information in this order is taken from prior § 2241 actions Mr. Twitty has initiated in this Court.

In 1999, Mr. Twitty was convicted, following a jury trial in the Northern District of Georgia, in criminal case number 98-00374-CR-1-1, of wilfully communicating a bomb threat via the telephone and threatening federal law enforcement officers and their immediate family members. He was sentenced to 180 months in prison followed by three years of supervised release. On direct appeal, the United States Court of Appeals for the Eleventh Circuit (Eleventh Circuit) affirmed both his conviction and sentence. *See United States v. Twitty*, No. 99-12706, 31 Fed. Appx. 934 (11th Cir. Jan. 8, 2002) (unpublished), *cert denied*, No. 01-9256, 535 U.S. 1029 (Apr. 22, 2002). In 2002, the Northern District of Georgia has denied his motion pursuant to 28 U.S.C. § 2255 (2006) to vacate, set aside, or correct sentence. On appeal, the Eleventh Circuit denied a certificate of appealability. *See Twitty v. United States*, No. 04-12805 (11th Cir. Apr. 25, 2005) (unpublished order).

In 2006, in a prior 28 U.S.C. § 2241 action he initiated in this Court, Mr. Twitty attacked his Northern District of Georgia conviction and sentence. *See Twitty v. Wiley*, No. 06-cv-00177-ZLW (D. Colo. Mar. 29, 2006), *aff'd*, No. 06-1234 (10th Cir. July 17, 2006), *cert. denied*, No. 06-6290, 549 U.S. 967 (Oct. 10, 2006). In 2007, he again attacked his conviction and sentence. *See Twitty v. Wiley*, No. 07-cv-02441-ZLW (D. Colo. Mar. 3, 2008), *appeal dismissed*, No. 08-1118 (10th Cir. June 11, 2008), *appeal dismissed*, No. 08-1277 (10th Cir. Oct. 29, 2008). In 2008, he again attacked his conviction and sentence. *See Twitty v. Wiley*, No. 08-cv-02119-ZLW (D. Colo. Nov. 17, 2008), *appeal filed*, No. 09-1008 (10th Cir. Dec. 31, 2008); *Twitty v. Wiley*, No. 08-cv-02717-ZLW (D. Colo. Mar. 25, 2009); and *Twitty v. Wiley*, No. 08-cv-02823-BNB (D. Colo. Feb. 13, 2009), *appeal filed*, No. 09-1007 (10th Cir. Mar. 12, 2009). In the instant action Mr. Twitty once again attacks his conviction and sentence.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C.

§ 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

Courts have found the remedy provided in 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances. *See, e.g., Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964) (§ 2255 remedy is ineffective when the sentencing court is abolished); *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965) (suggesting that § 2255 remedy might be ineffective when the sentencing court refuses to consider the § 2255 petition altogether or when the court inordinately delays consideration of the petition) (dictum); *Cohen v. United States*, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (noting that § 2255 remedy is ineffective when petitioner is sentenced by three courts, none of which could grant complete relief) (dictum).

The fact that Mr. Twitty previously was denied relief in the sentencing court pursuant to 28 U.S.C. § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Twitty may be barred from filing a second or successive § 2255 motion also does not mean that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Therefore, the application will be denied because Mr. Twitty has an adequate and effective remedy pursuant to § 2255 in the Northern District of Georgia. Accordingly, it is

ORDERED that the June 3, 2009, motion, is construed liberally, in part, as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). It is

FURTHER ORDERED that the objection is overruled. It is

FURTHER ORDERED that the April 21, 2009, and June 3, 2009, motions for recusal (document numbers 5 and 11) are denied. It is

FURTHER ORDERED that the habeas corpus application is denied and the action dismissed because Applicant, Andre J. Twitty, has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia.

DATED at Denver, Colorado, this 23 day of June, 2009.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00906-BNB

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk